

Max Moskowitz (MM 5866)
Stephen J. Quigley (SQ 6847)
OSTROLENK FABER LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888



Plaintiff, *Pro Se*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OSTROLENK FABER LLP<br><br>　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>UNIGENE LABORATORIES, INC., and UNIGENE PATENT PROPERTIES NOS. 1 THROUGH 120,<br><br>　　　　　　　Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff, Ostrolenk Faber LLP, appearing *pro se*, alleges the following for its Complaint:

### PARTIES AND JURISDICTION

1. Plaintiff, Ostrolenk Faber LLP ("Ostrolenk"), is a New York limited liability partnership with its principal place of business at 1180 Avenue of the Americas, New York, New York 10036.

2. On information and belief, defendant Unigene Laboratories, Inc. ("Unigene") is a Delaware corporation having a principal place of business at 81 Fulton Street, Boonton, New Jersey 07005.

{01306931.1}

3. On information and belief, Unigene is the owner, or owner by assignment, of 120 patents that are identified in Exhibit 1 to this Complaint.

4. This Court has jurisdiction over the causes of action herein due to the diversity of citizenship of the parties under 28 U.S.C. § 1332(a)(1) and the matter in controversy exceeds the sum or value of $75,000 under 28 U.S.C. § 1332(a).

5. This Court has personal jurisdiction over Unigene pursuant to New York C.P.L.R. §§ 301 and 302(a) (1) (2) and/or (3) because a) Unigene has breached a contract within this District and the State of New York causing injury to Ostrolenk within this District and the State of New York, b) Ostrolenk has performed pursuant to said contract within this District and the State of New York, c) Unigene expected or should reasonably have expected its acts to have consequences within this District and the State of New York, and d) Unigene solicits business and derives substantial revenue from the distribution of products within this District and the State of New York as well as in interstate and/or international commerce.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (c).

## FACTUAL BACKGROUND

7. Ostrolenk is engaged in the practice of law, specializing in intellectual property including the protection of patents, trademarks and copyrights.

8. At all times material to this action, Unigene was engaged in the business of developing pharmaceutical products.

9. Ostrolenk was retained by Unigene to provide legal services on or about October 11, 1984.

10. Ostrolenk's legal services provided to Unigene included filing at least 120 patents in the United States Patent and Trademark Office and in patent offices worldwide. A list of these Unigene Patent Properties is attached as Exhibit 1 to this Complaint ("Patents").

{01306931.1}

11. In connection with preparing and filing the Patents, Ostrolenk advanced and expended substantial sums of its own money for disbursements to cover patent office filing fees and charges by foreign law offices that were retained to file the Patents.

12. Unigene agreed to pay Ostrolenk for services provided and promised to timely pay all legal fees and related disbursements for the aforementioned services, as billed ("Agreement").

13. Ostrolenk recorded the services it provided Unigene as well as the expenses it incurred on Unigene's behalf.

14. Ostrolenk provided monthly invoices to Unigene, itemizing each matter for which work was performed, with a detailed description of the task performed, the amount of time spent on the task, the attorney's name and the attorney's billing rate. United States Patent and Trademark Office fees, as well as other patent office fees and foreign law firm disbursements, were included in the invoices and specified as such.

15. On information and belief, all of Ostrolenk's invoices were received and retained by Unigene.

16. From October 11, 1984 through July 2011 and beyond, Ostrolenk ably represented Unigene and provided legal services requested by Unigene. Ostrolenk rendered invoices for these legal services and, through February 2011, Unigene promptly paid those invoices in full.

17. Throughout Ostrolenk's representation, Unigene never complained about, objected to, or questioned any Ostrolenk invoice, or stated that any invoice or any part thereof would not be paid.

{01306931.1}

18.  After terminating Ostrolenk as its Intellectual Property counsel in July 2011, Unigene materially breached the Agreement by failing to pay Ostrolenk certain outstanding invoices for services rendered, including disbursements.

19.  The amount due Ostrolenk for outstanding disbursements is $170,880.16 and for services rendered is $231,508.50 for a total of $402,388.66 that has been billed to but not paid by Unigene. Copies of the outstanding invoices are attached as Exhibit 2 to this Complaint. Several attempts by Ostrolenk, both written and oral, to resolve the non-payment of these invoices have failed to elicit any payment from Unigene or a credible explanation by Unigene for the non-payment. Unigene has not disputed these charges.

20.  Unigene's refusal to honor Ostrolenk's outstanding invoices constitutes a material breach of the Agreement.

21.  Ostrolenk seeks to recover the full amount owed on the unpaid invoices with accrued interest, or in the alternative, under quantum meruit.

## FIRST CAUSE OF ACTION
*(Breach of Contract)*

22.  Ostrolenk repeats the allegations contained in paragraphs 1 - 21 of this Complaint as if fully set forth herein.

23.  Ostrolenk has fulfilled all of its obligations and conditions precedent under the Agreement.

24.  Unigene has materially breached the Agreement in that it has failed to pay the invoices in Exhibit 2 for services rendered by Ostrolenk and for disbursements paid by Ostrolenk.

{01306931.1}

25. By reason of the material breach of the Agreement, there is now due and owing to Ostrolenk from Unigene the amount of $402,388.66 plus interest, as well as additional consequential and incidental damages.

## SECOND CAUSE OF ACTION
### (*Account Stated*)

26. Ostrolenk repeats the allegations contained in paragraphs 1 - 25 of this Complaint as if fully set forth herein.

27. By virtue of Unigene's aforementioned acts and the aforementioned circumstances, Ostrolenk asserts a claim for account stated pursuant to New York State and common law against Unigene for its failure to pay the balance of its stated account through 2011 in the amount of $402,388.66 plus interest.

28. There is now due and owing from Unigene to Ostrolenk on the outstanding invoices the principal sum of $402,388.66 plus interest. Ostrolenk has sent and Unigene has received account statements and demands to Unigene for this sum and the charges contained therein have not been timely and/or reasonably objected to.

29. Although an account for such charges was duly stated by Ostrolenk and demand for payment thereon made, Unigene has failed and refused to pay such charges.

30. By reason of the foregoing, an actionable account stated has been created rendering Ostrolenk entitled to an award of damages in an amount not exceeding $402,388.66 plus interest thereon to date.

## THIRD CAUSE OF ACTION
### (*Quantum Meruit*)

31. Ostrolenk repeats the allegations contained in paragraphs 1 - 30 of this Complaint as if fully set forth herein.

32. By virtue of aforementioned acts of Unigene and the aforementioned circumstances, Ostrolenk asserts a claim for *quantum meruit* pursuant to New York State and common law against Unigene for the receipt and benefit of legal services.

33. In providing the legal services requested by Unigene there existed an implied promise on the part of Unigene to pay Ostrolenk for the legal services rendered and disbursements paid by Ostrolenk on behalf of Unigene.

34. From October 1984 through July 2011, Ostrolenk provided legal services to Unigene in good faith, with the expectation of being compensated for those services.

35. Unigene accepted all legal services rendered by Ostrolenk.

36. Ostrolenk's work was highly specialized, performed by competent attorneys experienced in intellectual property matters. Ostrolenk's rates are comparable to rates charged by other New York law firms acting in a similar capacity.

37. The amounts contained in the unpaid invoices, totaling $402,388.66, reflect the reasonable value of Ostrolenk's legal services and necessary disbursements. The time detailed on the unpaid invoices reflects the actual, necessary time spent on Unigene's matters.

38. Unigene has failed to pay Ostrolenk what it fairly and reasonably deserves for the value of the legal services rendered and disbursements incurred in an amount not exceeding $402,388.66 plus interest, as well as additional amounts resulting from consequential and incidental damages.

## FOURTH CAUSE OF ACTION
(*Unjust Enrichment*)

39. Ostrolenk repeats the allegations contained in paragraphs 1 - 38 of this Complaint as if fully set forth herein.

40. Ostrolenk, in good faith, rendered services for Unigene's benefit and advanced expenses and disbursements on Unigene's behalf.

41. If Unigene is not made to pay for the legal services overdue and owing with interest, Unigene will be unjustly enriched and will realize a windfall profit at the expense of Ostrolenk.

42. Unigene should not be permitted to retain the benefit of the services received without being made to pay the agreed upon price and reasonable value therefor in the sum of $402,388.66 plus interest accruing thereon from 2011.

43. By virtue of aforementioned acts of Unigene and the aforementioned circumstances, Ostrolenk asserts a claim for unjust enrichment pursuant to New York State and common law against Unigene for the receipt and benefit of legal services from Ostrolenk without rendering compensation for their tender.

44. Unigene has benefited from the legal services requested by it and provided by Ostrolenk. By accepting these services and benefits without compensation to Ostrolenk for their tender, Unigene has been unjustly enriched at Ostrolenk's expense in an amount not exceeding $402,388.66 plus interest, as well as additional amounts resulting from consequential and incidental damages.

**WHEREFORE**, Ostrolenk demands judgment against Unigene as follows:

A. On the First Cause of Action for damages in an amount not less than $402,388.66 plus interest for unpaid legal services provided as well as additional incidental and consequential damages;

B. on the Second Cause of Action for an account stated against Unigene in an amount not less than $402,388.66 plus interest for unpaid legal services provided, the precise amount to be determined at trial;

{01306931.1}

C.  on the Third Cause of Action for *quantum meruit* against Unigene for actual damages in the amount of $402,388.66 plus interest for unpaid legal services provided, the precise amount to be determined at trial;

D.  on the Fourth Cause of Action for unjust enrichment against Unigene for actual damages in the amount of $402,388.66 plus interest for unpaid legal services provided, the precise amount to be determined at trial;

E.  an award against Unigene for the value of the attorneys' fees, costs and disbursements incurred by Ostrolenk in connection with the litigation of the claims in this Complaint;

F.  a lien, pursuant to New York Judiciary Law § 475, on all patents prepared by Ostrolenk set forth in Exhibit 1 to this Complaint for the value of the unpaid legal services provided to Unigene by Ostrolenk and the disbursements paid by Ostrolenk on behalf of Unigene; and

G.  for such other and further relief as this Court deems just and proper.

Dated: New York, New York
        May 18, 2012

OSTROLENK FABER LLP

By: _____
Max Moskowitz (MM 5866)

OSTROLENK FABER LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888
Email: mmoskowitz@ostrolenk.com

Plaintiff *Pro Se*

{01306931.1}

## VERIFICATION

I certify that I am a partner at the law firm of Ostrolenk Faber LLP ("Ostrolenk") and am authorized to make this verification on behalf of that entity. I have read the above Complaint in its entirety and understand the contents thereof. The allegations are true and correct to best of my knowledge and the knowledge available to me at Ostrolenk at the time of this verification. I acknowledge that if any of the allegations are willfully false that I am subject to punishment.

_5|18|12_
Dated

_____
Max Moskowitz, Esq.
Ostrolenk Faber LLP
1180 Avenue of the Americas
New York, NY  10036
Phone: 212-382-0700
Facsimile: (212) 382-0888

{01306931.1}