KLEHR HARRISON HARVEY BRANZBURG LLP
Matthew J. Borger (MB 7898)
Ira A. Rosenau (*Pro Hac Vice* to be filed)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
mborger@klehr.com
(215) 569-2700 (tel.)
(215) 568-6603 (fax)                               *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OSTROLENK FABER LLP

            Plaintiff,

    v.

UNIGENE LABORATORIES, INC., and
UNIGENE PATENT PROPERTIES
NOS. 1 THROUGH 120,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action

No. 12-CV-03991 (HB/HBP)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

      Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Unigene Laboratories, Inc. and Unigene Patent Properties Nos. 1 through 120 (collectively, "Unigene") submit this memorandum of law in support of their Partial Motion to Dismiss Count I of the Complaint (breach of contract) and plaintiff's demand for attorneys' fees contained in the Complaint or, in the alternative, for a more definite statement under Rule 12(e) of plaintiff Ostrolenk Faber LLP's (the "Law Firm") allegations in support of its breach of contract claim.

## **INTRODUCTION**

In an apparent (and transparent) effort to offensively preempt Unigene's imminent legal malpractice claims arising from the abandonment of a key Unigene patent, the Law Firm decided to file a complaint to collect allegedly unpaid legal fees owed by Unigene. In doing so, the Law Firm not only grossly violated its duty of confidentiality owed to Unigene and its duty to protect Unigene's attorney-client privileged information from disclosure, but it also failed to satisfy the pleading requirements for asserting that Unigene breached its alleged fee agreement with the Law Firm.[1]

The Law Firm asserts that Unigene breached an alleged fee agreement between the parties (Count I – breach of contract). The complaint alleges that Unigene retained the Law Firm more than 25 years ago, on or about October 11, 1984. Compl., ¶ 9. The complaint vaguely alleges that, "Unigene agreed to pay Ostrolenk for services provided and promised to timely pay all legal fees and related disbursements for the aforementioned services, as billed (the 'Agreement')." Compl., ¶ 12. While the Law firm attached approximately 100 pages of exhibits to the complaint, the Law Firm conspicuously failed to attach as an exhibit the alleged "Agreement" between Unigene and the Law Firm. To make things worse, the complaint fails to allege, among other things:

- The date of the alleged Agreement;
- Whether the alleged Agreement is written or oral;

---

[1] The Law Firm recklessly attached to the complaint approximately nine legal bills that repeatedly reveal the substance and the details of Unigene's privileged communications with its counsel, as well as much of Unigene's confidential business information concerning its worldwide patent strategies. The Law Firm made no effort to redact those bills to protect Unigene's privileged and confidential information before publicly filing those records in this Court. The Law Firm made no effort to seal the complaint or the exhibits to protect Unigene's privileged and confidential information. It was unnecessary for the Law Firm to disclose to the world, in the initial pleading, all of the privileged and confidential information contained in the legal bills in order to assert the claims in the Complaint. Yet, the Law Firm did so anyway, despite its continuing duties of confidentiality. In short, by its filing, the Law Firm acted with reckless disregard for the continuing duties owed to Unigene to protect Unigene's privileged and confidential information learned during the representation.

- The material terms of the alleged Agreement, including billing structure, billing rates, disbursement charges for which Unigene agreed to pay, and payment terms;

- Whether (and how) the Agreement was amended since its alleged inception; and

- The duties and engagements accepted by the Law Firm under the Agreement.

As a result, the Law Firm fails to state a claim against Unigene for breach of contract. The Law Firm has not alleged the material terms of the alleged contract it attempts to enforce. The Law Firm's lengthy filing excludes a written fee agreement, likely because the Law Firm cannot produce such a document. The complaint does not satisfy the elements for pleading breach of contract because the complaint does not assert the material terms of the alleged "Agreement" between Unigene and the Law Firm. Thus, Count I should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Additionally, the Law Firm asserts a claim for attorneys' fees and costs incurred in this litigation. Compl., Ad Damnum Clause E. It is well-settled law that a litigant may not recover its attorneys' fees from the adverse party absent a written fee-shifting agreement or an applicable statutory provision allowing for an award of fees. Here, the Law Firm has not, and cannot, point to any contractual agreement or applicable statute that would permit the Law Firm to recover its litigation attorneys' fees from Unigene. As such, the Court should strike the demand contained in paragraph E of the Ad Damnum Clause.

## STATEMENT OF FACTS

The Law Firm initiated this action against Unigene, alleging four causes of action: breach of contract (Count I), account stated (Count II), quantum meruit (Count III) and unjust enrichment (Count IV). The crux of the Law Firm's complaint is that Unigene allegedly breached an unidentified fee agreement under which the Law Firm claims to have provided legal

services to Unigene for more than 25 years (from October 11, 1984 through July 2011).  Compl., ¶¶ 9, 18.

However, concerning the alleged contract, the Law Firm avers nothing beyond that, "Unigene agreed to pay Ostrolenk for services provided and promised to timely pay all legal fees and related disbursements for the [legal services Ostrolenk provided], as billed ('Agreement')." Compl., ¶ 12.  There is no written fee agreement submitted by the Law Firm among the mass of exhibits attached to its complaint.  Beyond paragraph 12, the complaint is devoid of any allegations concerning the terms and scope of the supposed "Agreement."  The Law Firm does not even allege whether the "Agreement" is supposed to be an oral or written contract, let alone what engagements or duties are covered by the "Agreement" or what charges Unigene supposedly agreed to pay.

Therefore, Unigene moves to dismiss Count of the Complaint pursuant to Rule 12(b)(6), or, in the alternative, for a more definite statement of the Law Firm's allegations supporting its breach of contract claims.

## ARGUMENT

I.  **LEGAL STANDARDS**

   A.  **Legal Standard for Motion**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim for relief in any pleading for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In its consideration of a motion pursuant to Rule 12(b)(6), a "court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor."  *Gonzalez v. Caballero*, 572 F.Supp. 2d 463, 466 (S.D.N.Y. 2008); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008); *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Renate Cordts-Auth., LLC v. Crunk, LLC*, 815 F. Supp. 2d 778, 785 (S.D.N.Y 2011) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration, citations, and internal quotations omitted); *Snyder v. Dietz & Watson, Inc.*, No. 11-0003, 2011 U.S. Dist. Lexis 147150, *8 (D.N.J. December 22, 2011) (stating "[a] court need not credit bald assertions or legal conclusions in a complaint when deciding a motion to dismiss") (internal citations and quotations omitted).

Unigene also moves, in the alternative, for a more definite statement of the breach of contract claim pursuant to Fed. R. Civ. P. 12(e). Pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion should be granted where the complaint is so vague or ambiguous that the opposing party cannot respond without prejudice to itself. *See Tagare v. NYNEX Network Systems Co.*, 921 F.Supp. 1146, 1153 (S.D.N.Y. 1996) (internal citations and quotations omitted).

### B. Choice of Law

Unigene cites to both New York and New Jersey law throughout this memorandum of law. New York choice of law principles apply because a federal court sitting in diversity applies the choice of law principles of the state where it is located. *Patel v. New York Life Ins. Co.*, No. 11-cv-4895, 2012 U.S. Dist. Lexis 72717, *9 (S.D.N.Y. May 21, 2012) citing *Klaxon Co. v.*

*Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The choice of law analysis has two parts: (1) determining if a "false conflict" exists; and (2) if the conflict is real, determining which state's law applies.[2]

Because there is no conflict in the applicable law of New York and New Jersey, the Court need not undertake a choice of law analysis to decide this motion. *Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 566 (2d Cir. 2011) *citing Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001)(where there is no "actual conflict" between the parties, no choice of law analysis is necessary). On the key issues, there is no conflict between the law of the relevant states. As such, Unigene herein cites to the applicable law of New Jersey and New York.

## II. THE LAW FIRM'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

The Law Firm fails to allege a breach of contract claim for which relief can be granted because it fails not only to sufficiently allege the existence of a contract, but also fails to allege even the basic material terms that could support the existence of an agreement between the parties.[3]

---

[2] A false conflict is one in which only one jurisdiction's governmental interest would be impaired by the application of the other jurisdiction's law. *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir.1998) (there is a genuine conflict "[w]here the applicable law from each jurisdiction provides different substantive rules."); *LeJune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir. 1996). Where there is no conflict between the relevant states' law (i.e., where the outcome would be the same under either of the state's law), a court should avoid a detailed conflicts analysis and should refer to the law of each of the relevant states. *Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 813 (3d Cir. 1994).

[3] New York and New Jersey law have similar elements for a breach of contract claim. A claimant must sufficiently allege: (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages. *See, e.g., Singer v. Xipto Inc.*, No. 10-CV-8501, 2012 U.S. Dist. Lexis 46205, *14 (S.D.N.Y. March 30, 2012) citing *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011) (applying New York law); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (internal citations omitted) (applying New Jersey law) ("[t]o state a claim for breach of contract, [the plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations").

To properly state a breach of contract claim, the pleading must, at a minimum, identify the contract, allege the terms of the contract, and allege the specific provisions breached. *See Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F.Supp. 276, 286 (S.D.N.Y. 1991) (applying New York law) (dismissing breach of contract claim where no agreement was identified and no particular provision of any agreement was set forth)[4]; *Eprotec Preservation, Inc. v. Engineered Materials, Inc.*, No. 10-5097, 2011 U.S. Dist. Lexis 24231, *22-23 (D.N.J. March 9, 2011) (applying New Jersey law) *citing Video Pipeline, Inc. v. Buena Vista Home Enter., Inc.*, 210 F.Supp.2d 552, 561 (D.N.J. 2002) ("Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached.").

Moreover, the courts have recognized that a "[f]ailure to allege the specific provisions of contracts breached is grounds for dismissal." *See Zaro Licensing* at 286; *see also Local 875 I.B.T. Pension Fund v. Pollack*, 992 F.Supp. 545, 572 (E.D.N.Y. 1998) (applying New York law) (dismissing breach of contract claim for failing to "[plead] the terms of the agreement upon which defendant's liability rests"); *Eprotec* at *23 *citing Skypala v. Mort. Elec. Reg. Sys., Inc.*, 655 F.Supp. 2d 451, 459 (D.N.J. 2009) (applying New Jersey law) (dismissing claim where "the Complaint does not identify the provisions Plaintiff asserts were breached").

Here, the Law Firm failed to plead the material terms of the alleged "Agreement," failed to attach any written Agreement, and failed to identify the specific provisions of the uncertain "Agreement" that are implicated in this action. Instead, the Law Firm relies on bald, conclusory statements about its relationship with Unigene and the purported "breaches" of that relationship. Such conclusory statements do not satisfy the Law Firm's pleading duties in asserting a breach

---

[4] Citing to 5 Charles Wright & Arthur Miller, Federal Practice and Procedure § 1235 (1990), the *Zaro Licensing* court recognized that "<u>a pleading must, at a minimum, allege the terms of the contract</u>, each element of the alleged breach and the resultant damages in a plain and simple fashion." *Zaro Licensing.*, 779 F.Supp. at 286 (emphasis added).

of contract claim. Thus, the Court should dismiss Count I of the Complaint pursuant to Fed. R. Civ. P. 12(b).

In the alternative, the Court should require the Law Firm to provide a more definite statement of its allegations supporting its breach of contract claims, pursuant to Rule 12(e). From the scant allegations, Unigene is unable to prepare a response to the Law Firm's claim because it is not possible to discern what the Law Firm alleges that Unigene "agreed" to do and what the Law Firm was required to do. Therefore, Unigene cannot determine how to prepare its defense given the ambiguity concerning the alleged "Agreement."

### III.   THE LAW FIRM IS NOT ENTITLED TO AN AWARD OF ATTORNEYS' FEES

In Paragraph E of the Ad Damnum Clause, the Law Firm demands judgment for "an award against Unigene for the value of the attorneys' fees, costs and disbursements incurred" by the Law Firm in this litigation. Compl., Ad Damnum Clause E. However, as a matter of law, the Law Firm is not entitled to an award of attorneys' fees.

New York and New Jersey abide by the American Rule regarding attorneys' fees. *See A.G. Ship Maintenance Corp. v. Lezak*, 503 N.E.2d 681, 683 (N.Y. 1986); *see also Am. Rubber & Metal Hose Co., Inc. v. Strahman Valves, Inc.*, No. 11-1279, 2011 U.S. Dist. Lexis 80083, *24, (D.N.J. July 22, 2011). Under the American Rule, "it is well established that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Singer v. Xipto Inc.*, No. 10-CV-8501, 2012 U.S. Dist. Lexis 46205, *28-30 (S.D.N.Y. March 30, 2012) quoting *Summit Valley Indus., Inc. v. Local 112 United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982) (internal quotation marks omitted); *see also Oscar Gruss & Son. Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003) ("Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing

party unless authorized by agreement between the parties, statute, or court rule."); *see also Strahman Valves* at *24 (internal citations and quotations omitted) (stating "New Jersey law follows the American Rule, which has long been that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.")

As a matter of well-settled law, the Law Firm is not entitled to an award of attorneys' fees incurred in this action, absent statutory or contractual entitlement.  Here, the Law Firm has not pleaded, and cannot plead, either a statutory provision or a contractual agreement with Unigene that would allow for an award of attorneys' fees.  Therefore, the Law Firm's attorneys' fee demand should be stricken from the Complaint.

## CONCLUSION

For all the foregoing reasons, Unigene respectfully requests that the Court grant the Motion and enter an order dismissing Count I of the Complaint and striking the attorneys' fee demand contained in paragraph E of the Ad Damnum Clause.

KLEHR, HARRISON, HARVEY,
BRANZBURG LLP

/s/ Matthew J. Borger
Matthew J. Borger, Esq. (MB 7898)
Ira A. Rosenau, Esq. (*pro hac vice* to be filed)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
215-569-2700 (tel.)
215-568-6603 (fax)

*Attorneys for Defendants,*
*Unigene Laboratories, Inc. and*
*Unigene Patent Properties Nos. 1 through 120*

Dated:  June 12, 2012

KLEHR HARRISON HARVEY BRANZBURG LLP
Matthew J. Borger (MB 7898)
Ira A. Rosenau (*Pro Hac Vice* to be filed)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
mborger@klehr.com
(215) 569-2700 (tel.)
(215) 568-6603 (fax)                                    *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x
OSTROLENK FABER LLP                 :
                                    :   Civil Action
                 Plaintiff,         :
                                    :   No. 12-CV-03991 (HB/HBP)
        v.                          :
                                    :
UNIGENE LABORATORIES, INC., and     :
UNIGENE PATENT PROPERTIES           :   **CERTIFICATE OF SERVICE**
NOS. 1 THROUGH 120,                 :
                                    :
                 Defendants.        :
                                    :
------------------------------------x

I, Matthew J. Borger, Esquire, hereby certify that a copy of the foregoing Motion to Dimiss of defendants Unigene Laboratories, Inc. and Unigene Patent Properties Nos. 1 through 120 and its supporting memorandum of law were served on plaintiff Ostrolenk Faber LLP via first class mail as follows:

Max Moskowitz
Stephen J. Quigley
Ostrolenk Faber LLP
1180 Avenue of the Americas
New York, NY 10036

/s/ Matthew J. Borger
Matthew J. Borger, Esq. (MB 7898)