UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

OSTROLENK FABER LLP,

                                          Plaintiff,

      -against-

UNIGENE LABORATORIES, INC. and
UNIGENE PATENT PROPERTIES NOS. 1
THROUGH 120,

                                      Defendants.

12 Civ. 3991 (HB)

**OPINION AND ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Hon. HAROLD BAER, JR., District Judge:**

      Before the Court is a partial motion to dismiss brought by defendants Unigene Laboratories, Inc. and Unigene Patent Properties Nos. 1 through 120 (collectively, "Defendants" or "Unigene"). The complaint filed by plaintiff Ostrolenk Faber LLP ("Plaintiff" or "Ostrolenk") asserts claims for breach of contract, account stated, quantum meruit, and unjust enrichment. Compl. ¶¶ 22-44. By its motion, Unigene seeks dismissal of the claim for breach of contract, or in the alternative, a more definite statement under Federal Rule of Civil Procedure ("FRCP") 12(e), and seeks dismissal of Ostrolenk's demand for attorneys' fees. For the reasons set forth below, the motion to dismiss is GRANTED.

## BACKGROUND

      Ostrolenk is a New York-based law firm that specializes in intellectual property ("IP") services. Compl. ¶¶ 1, 7. Unigene is a pharmaceutical company that is incorporated in Delaware and has its principal place of business in New Jersey. *Id.* ¶¶ 2, 8. Between October 1984 and July 2011, Ostrolenk provided IP-related legal services—including the filing of over 120 patents—to Unigene. *Id.* ¶ 16; *see* Compl. Ex. 1. Over the course of more than 25 years, the Complaint alleges that Unigene retained Ostrolenk to provide legal services, Compl. ¶¶ 9, 16, and Ostrolenk "advanced and expended substantial sums of its own money for disbursements to cover patent office filing fees and charges by foreign law offices." *Id.* at ¶ 11. Ostrolenk then provided detailed monthly invoices to Unigene that specified, among other things, a description of the

services rendered, the hours worked, the names of the attorneys who performed the work, the attorneys' respective hourly rates, the fees incurred (such as the patent filing fees), and other disbursements. *See* Compl. Ex. 2. Until February 2011, Unigene "promptly" paid Ostrolenk the full amount of each invoice. Compl. ¶ 16. In July 2011, Unigene terminated Ostrolenk as its IP legal service provider. *Id.* ¶ 18. As of the filing of Ostrolenk's complaint, the total amount in unpaid invoices equaled $402,388.66. *Id.* ¶ 19. This amount comprises $231,508.50 for legal services and $170,880.16 for outstanding disbursements. *Id.*

By this motion, Unigene seeks to dismiss the breach of contract claim pursuant to FRCP 12(b)(6) or, in the alternative, moves for a more definite statement of Ostrolenk's breach of contract claim pursuant to FRCP 12(e). Unigene asserts that Ostrolenk "failed to plead the material terms of the contract, failed to attach any agreement, and failed to identify the specific provisions of the. . . agreement implicated in this action." MTD 7. The motion also seeks to dismiss Ostrolenk's claim for attorneys' fees, costs and disbursements "incurred in connection with the litigation of the claims in this Complaint," Compl., Ad Damnum Clause E, arguing that "as a matter of law, the Law Firm is not entitled to an award of attorneys' fees." MTD 8.

## DISCUSSION

### A. Legal Standard

According to the Supreme Court's most recent pronouncements, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The requirement that the court accept all factual allegations as true does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* The court's determination of whether a complaint states a "plausible claim for relief" is a "context-specific task" that requires application of "judicial experience and common sense." *Id.* at 679.

### B. The Claim for Breach of Contract is Dismissed

"Under New York law, the elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (citing *First Investors Corp. v.*

*Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998)).[1]  Each of the elements need not be pleaded individually, but a claim that fails "to allege facts sufficient to show that an enforceable contract existed" is subject to dismissal. *Banco Esprito Santo de Investimento, S.A. v. Citibank, N.A.*, No. 03 Civ. 1537, 2003 WL 23018888, at *4–5 (S.D.N.Y. Dec. 22, 2003) (dismissing breach of contract claim where there were insufficient facts to support the formation of an oral contract and where repeated disclaimers stated that the parties would be bound only by the provisions of a final, written agreement) (cited in *Berman*, 580 F. Supp. 2d at 202).

Although the Complaint alleges that Unigene "agreed to pay Ostrolenk for services provided," referring to this as the "Agreement," Compl. ¶ 12, Ostrolenk fails to offer any allegations about the terms of the Agreement, whether it was oral or written, express or implied. *See Berman*, 580 F. Supp. at 202 (explaining that the counterclaims sounding in breach of contract failed to allege whether the contract was oral and that "[d]efendants are entitled to this information since in the absence thereof [they] cannot know whether to plead affirmative defenses based on . . . [the] statute of frauds") (internal quotation marks and citation omitted); *Posner v. Minnesota Mining & Mfg. Co.*, 713 F. Supp. 562, 563 (E.D.N.Y.1989) ("Although the existence of a contract is alleged, plaintiffs fail to set forth any specific information as to when the agreement was made, the terms of the agreement upon which liability is predicated, or any other evidence supporting the formation of an agreement.").  Indeed while the Complaint refers to a single "Agreement," in the opposition papers, Ostrolenk instead states that "[e]ach new patent and each new matter requested by Unigene constituted, at minimum, an implied contract." Opp. 4. Although the allegations in the Complaint suggest that some sort of contract existed between Unigene and Ostrolenk, particularly because I cannot imagine a reason that Ostrolenk would otherwise have submitted patent applications for Unigene over a period of more than 25 years, the breach of contract claim must nonetheless be dismissed.

My rules provide that if a party fails to amend in response to a motion to dismiss, no further opportunities to amend will be granted.  Individual Practices 5.G.  Presumably if Ostrolenk had been able to remedy the deficiencies in its breach of contract claim, it would have

---

[1] A federal district court sitting based on diversity jurisdiction applies the choice of law principles of the state where it is located. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 406 (1941).  Because there is no conflict in the laws of New York and New Jersey, I need not undertake a choice of law analysis to decide this motion. *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011) (explaining that no choice of law analysis is necessary where the laws of the two possible forums do not conflict).

done so.  Nevertheless and in accordance with FRCP 15(a)(2), which provides that leave to amend should be "granted freely . . . when justice so requires," Plaintiff will have 20 days from the date of this Order to amend, despite a variety of other claims for account stated, quantum meruit, and unjust enrichment. [2]

**C. The Demand for Attorneys' Fees is Dismissed**

The Complaint demands judgment for "an award against Unigene for the value of the attorneys' fees, costs and disbursements incurred by Ostrolenk in connection with the litigation of the claims in this Complaint." Compl., Ad Damnum Clause E.  Under New York Law, which follows the American Rule regarding attorneys' fees, "it is well established that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor."[3] *Singer v. Xipto Inc.*, 10 Civ. 8501, 2012 WL 1071274, at * 8 (S.D.N.Y. Mar. 30, 2012) (quoting *Summit Valley Indus., Inc. v. Local 112 United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982)).  Although Ostrolenk asserts that "[t]his issue is premature and not relevant to the Court's ruling on the motion and need not be briefed at this time," Opp. 5 n.1, courts have dismissed similar claims at this stage. *See, e.g.*, *Singer*, 2012 WL 1071274, at *8 . (dismissing claim for attorneys' fees without prejudice where plaintiffs failed to allege "that attorneys' fees were authorized by their contract" and pointed to "no provision providing for such fees").  The demand for attorneys' fees, costs and disbursements incurred by Ostrolenk in connection with this litigation is dismissed.

---

[2] In the alternative to their motion to dismiss, Unigene moves pursuant to FRCP 12(e) for a more definite statement of Ostrolenk's breach of contract claim. A court may grant a motion for a more definite statement pursuant to FRCP 12(e) if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FRCP12(e). "Motions pursuant to Rule 12(e) are disfavored and should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."*John J. Kirlin, Inc. v. Conopoc, Inc.*, 94 CIV 2675 (AGS), 1995 WL 15468, at *3 (S.D.N.Y. Jan. 17, 1995) (internal quotation marks omitted).  I have found one court that granted a motion for a more definite statement under FRCP 12(e) to clarify a breach of contract claim. *See Precise-Mktg. Corp. v. Simpson Paper Co.*, 95 CIV. 5629 (LMM), 1996 WL 285364, at *1 (S.D.N.Y. May 30, 1996) (denying the defendant's motion to dismiss pursuant to FRCP12(b)(6) but granting the defendant's motion for a more definite statement pursuant to FRCP 12(e)).  However, the general practice appears to be that these motions are granted only where the pleadings are actually "unintelligible." *See Kirlin*, 1995 WL 15468, at *3.  The pleadings here are not unintelligible, rather they fail to state a claim for breach of contract.

[3] New Jersey also follows the American Rule so there is again no conflict. *See Am. Rubber & Metal Hose Co., Inc. v. Strahman Valves, Inc.*, No. 11-1279, 2011 WL 3022243, at *9 (D.N.J. July 22, 2011).

## CONCLUSION

I have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. The Clerk of the Court is instructed to close this motion and remove it from my docket.

**SO ORDERED.**

New York, New York
August 1, 2012

_____
Hon. Harold Baer, Jr.
U.S.D.J.